# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DARIUS LAMONT PRIGG, <br><br> Plaintiff, <br><br> v. <br><br> BALTIMORE COUNTY DEPARTMENT OF CORRECTIONS, *et al.*, <br><br> Defendants. | Civil Action No.:  JRR-22-3105 |

## MEMORANDUM AND ORDER

Plaintiff Darius Lamont Prigg, who is incarcerated at Baltimore County Detention Center ("BCDC"), filed this Complaint pursuant to 42 U.S.C. § 1983. For the reasons discussed below, Mr. Prigg's complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim and failure to name proper defendants. Mr. Prigg will be provided with an opportunity to file an amended complaint to correct the deficiencies noted below.

The Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989). After liberally construing the Complaint, the Court has determined that many of Mr. Prigg's claims, and many Defendants, must be dismissed without prejudice.

### I. Mr. Prigg's Allegations

The Complaint alleges that from March 15, 2022, through November 18, 2022, the conditions in BCDC as "unbearable." ECF No. 1 at 3. He generally cites issues such as cold food, black mold in the showers, worm infestations, disrespectful staff, limited access to the law library, and a lack of adherence to grievance procedures by staff. *Id.* He states that "each administrator and supervising officer has been addressed and continue to do nothing about these on[-]going issues." *Id.* As Defendants, Mr. Prigg names Baltimore County Department of Corrections, "Correctional Officers et al," Officers Walker and Sherman, and Sergeants Mason, Paige, Carter, Salisbury, and Willette. *Id*. at 1. As to each named correctional officer, Mr. Prigg provides the following factual allegations.

>Mr. Prigg alleges that on or about September 11, 2022, he informed Sergeant Paige about a lack of adequate cleaning supplies and requested an inmate grievance form. *Id.* at 3-4. Paige indicated he would provide it, but never did*. Id.* at 4.

>On November 14, 2022, the BCDC power went out. *Id.* He alleges that Sergeant Carter instructed inmates to return to their cells and "lock in." *Id.* Mr. Prigg alleges Carter should not have done this, as many systems were not functioning during the outage creating a health and safety hazard. *Id.*

>On September 15, 2022, inmates were told to "lock in" but they had not yet received their mail. Mr. Prigg requested an inmate grievance form from Sergeant Mason, but was not provided one, and Mason ignored his request because "her shift was done and she was ready to go." *Id*. at 5.

On June 29, 2022, Officer Walker disrupted recreation time and was "very disrespectful." *Id.* Walker kept the "section locked down during bar check/cell check, as well as the entirety of meal distribution, and as well as medication distribution." *Id.*

In early October, Officer Sherman opened Mr. Prigg's cell door while Mr. Prigg was using the restroom. *Id.* Despite requests to stop, Sherman opened the door and shined a flashlight into the cell, exposing Mr. Prigg. *Id.* Though he requested one, Mr. Prigg never received a grievance form following this incident. *Id.* at 6. Mr. Prigg states that the "facility still allows that same of[ficer] Sherman to work the section where I reside and I am forced to see this officer everyday knowing what he purposely did to me." *Id.*

On October 18, 2022, Mr. Prigg informed Sergeant Willette that he was experiencing a medical emergency. *Id.* Willette did nothing to assist Mr. Prigg, and Mr. Prigg was not seen by medical staff until four weeks later. *Id.*

On November 5, 2022, Sergeant Salisbury ignored Mr. Prigg's requests for assistance. *Id.*

On October 5, 2022, the facility failed to transport Mr. Prigg to court for a custody hearing. *Id.* at 7. As a result, the "disposition of the case was granted as default due to the failure of cooperation by the facility." *Id.*

Mr. Prigg alleges, generally, that he is in fear for the safety and well-being of himself and others. *Id.* He states that he suffers from insomnia, anxiety, depression, and post-traumatic stress disorder from his experience at BCDC. *Id*. at 8. As relief, he seeks release from BCDC and financial compensation. *Id.* at 10.

## II. Failure to State a Claim

Mr. Prigg brings this civil rights action pursuant to 42 U.S.C. § 1983. Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a *person* acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). As BCDC is an agency of Baltimore County and Mr. Prigg does not allege any wrongdoing by Baltimore County, BCDC shall be dismissed from this action as a Defendant. *See Borkowski v. Balt. Cty.*, 414 F.Supp. 3d 788, 804 (D. Md. 2019) (finding the Baltimore County Police Department is *non sui juris* because it is an agency of Baltimore County) (quoting *James v. Frederick Cty. Pub. Schs.*, 441 F.Supp.2d 755, 758 (D. Md. 2006) (internal citations omitted)). Similarly, "Correctional Officers et al" is not a "person" subject to suit or liability under § 1983; further, Plaintif does not attribute any actions or inactions to this Defendant. "Correctional Officers et al" will be dismissed from this action as a Defendant.

Next, Mr. Prigg claims that on various occasions Sergeants Paige and Mason failed to provide grievance forms to him. While the Court appreciates Mr. Prigg's frustration with this, "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017) (discussing *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) ); *see also Robinson v. Wexford*, No. ELH-17-1467, 2017 WL 4838785, at *3 (D. Md. Oct. 26, 2017) ("[E]ven assuming, arguendo, that defendants . . . did not satisfactorily investigate or respond to plaintiff's administrative grievances, no underlying constitutional claim has been stated" because "'inmates have no constitutional entitlement or due process interest in access to a grievance procedure.'") (quoting *Booker, supra*). If Mr. Prigg's

intention is to assert that Defendants violated state policies, procedures, rules, regulations, or state law, the mere violation of State law or regulation does not provide a basis for a due process violation. *See e.g., Baker v. McCollan*, 443 U.S. 137, 146 (1979); *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (providing that "[i]f the state law grants more procedural rights than the Constitution would otherwise require, a State's failure to abide that law is not a federal due process issue"). As such, Sergeants Paige and Mason will dismissed from this action as Defendants.

Next, Mr. Prigg alleges Sergeant Carter instructed inmates to return to their cells and "lock in" during a power outage; Sergeant Salisbury ignored Mr. Prigg's requests for assistance; and Officer Walker disrupted recreation time, was "very disrespectful," and kept Mr. Prigg's section locked down for an extended period on June 29, 2022. As to these Defendants, Mr. Prigg has failed plausibly to allege that he suffered a cognizable deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States as required by § 1983. Further, the Complaint sets forth no facts or allegations as to whether he suffered harm or injury as a result of these alleged transgressions. As such, Defendants Carter, Walker, and Salisbury will be dismissed as Defendants in this action.

**III.  Amendment**

Notwithstanding the foregoing, Mr. Prigg's Complaint sets out potentially viable claims; as currently plead, however, none of them may proceed in their current incarnation. First, Mr. Prigg baldly alleges Officer Sherman sexually assaulted him but to state a claim, Mr. Prigg is required to allege harm resulting therefrom – no matter that it may feel self-evident to Mr. Prigg. Further, Mr. Prigg alleges that the living conditions at BCDC are inhumane and tantamount to cruel and unusual punishment in violation of the Eighth Amendment of the Constitution, but he

fails to name any defendant he seeks to hold responsible for these conditions. Mr. Prigg alleges Sergeant Willette rendered constitutionally inadequate medical care during a "medical emergency," but he fails to provide any details about the alleged emergency or how he was injured by the actions or inactions of Sergeant Willette. Finally, Mr. Prigg alleges he was denied access to the courts and missed a custody hearing, but fails to identify any individual/s he asserts is/are responsible. In amending his complaint, Mr. Prigg should be mindful to name defendants that he contends were personally involved in the constitutional violations he alleges, to provide details as how each defendant was allegedly engaged in the complained-of conduct, and to detail what injury or harm, if any, he claims to have suffered as a result.

As complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff (like Mr. Prigg) who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Mr. Prigg will be granted leave to file an amended complaint within 28 days of the date of this Order to include the necessary allegations regarding his claims as directed above (if such allegations may be set forth).

To comply with the Federal Rules of Civil Procedure, the amended complaint must contain – at a minimum – a short and plain statement of the claim that shows Mr. Prigg is entitled to relief and a request for relief and also the names of each defendant. *See* Fed. R. Civ. Proc. 8(a) and 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

An amended complaint replaces the original complaint filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Therefore, the amended complaint required by this Order must include all of the allegations against each Defendant, so that it may stand alone as the sole complaint in this action which Defendants must answer. Additionally, an amended complaint must meet the requirements of this Order, or it may be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) without further notice to Mr. Prigg.

Mr. Prigg is further cautioned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated. *See* 28 U.S.C. § 1915(g).

Accordingly, it is this 29th day of December, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendants Baltimore County Department of Corrections, "Correctional Officers et al," Officer Walker, Sergeant Mason, Sergeant Paige, Sergeant Carter, and Sergeant Salisbury are DISMISSED from this action, and all claims against them are DISMISSED without prejudice;

2. Mr. Prigg is granted leave to file an amended complaint as directed above within 28 days of the date of this Order;

3. The Clerk SHALL send to Mr. Prigg a copy of this Order, a copy of the original complaint and a blank civil rights complaint form with included instructions; and

4. Mr. Prigg is cautioned that:

    a. The amended complaint must meet the directions of this Order, or the amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and

    b. If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this order without further notice.

/S/

Julie R. Rubin
United States District Judge